UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-20090-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

TERESA PATRICIA GOMEZ BUELVAS,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the United States of America's (the "Government") Appeal of Magistrate's Denial of Bond Revocation and Motion to Accelerate Self Surrender Date, ECF No. [58] ("Motion"), filed on May 11, 2023. Defendant Teresa Patricia Gomez Buelvas filed her Response to the Motion, ECF No. [65], to which the Government did not file a reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable case law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On October 1, 2021, this Court entered a Judgment in a Criminal Case, reflecting the Defendant's sentence of being adjudicated guilty of the offense of aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(1). ECF No. [45] at 1. Defendant was sentenced to a term of incarceration of twenty-four months. *Id*. at 2. Defendant's surrender date was set for October 1, 2024, at 12:00 p.m. *Id*. The Court staggered the term of incarceration of the Defendant's sentence with her Co-Defendant as both were caring for their minor children with physical and mental challenges.

On April 5, 2023, Probation filed a Petition for Action on Conditions of Pretrial Release. ECF No. [49]. Therein, Probation notified the Court that on March 30, 2023, Defendant was arrested and charged with Assault/Aggravated on Specified Official/Employee, a felony, in violation of Florida Statute 784.081(2) and, Educational Institution/Interference/Disrupt, a misdemeanor, in violation of Florida Statute 577.13(1)(A). *Id.*

On April 27, 2023, Magistrate Judge Eduardo I. Sanchez held an initial appearance for Defendant during which the parties agreed that Defendant was to remain on bond pending the next hearing. ECF No. [52]. On May 2, 2023, Magistrate Judge Sanchez conducted an evidentiary hearing ("Detention Hearing"), during which witnesses testified, and he determined that there was probable cause for Defendant's arrest on state charges. ECF No. [53]. Judge Sanchez further found that bond need not be revoked, but that special conditions of continued release on bond were necessary. *Id.*

On May 11, 2023, the Government filed the instant Motion appealing the denial of bond revocation and moving for Defendant's accelerated self-surrender. ECF No. [58]. On June 19, 2023, in her Response to an Order to Show Cause, ECF No. [60], Defendant argues that the Court should deny the Government's appeal and related request to accelerate her surrender. ECF No. [65].

## II.     LEGAL STANDARD

### A. Appeal of a Magistrate's Release or Detention Order

"Title 18 U.S.C. § 3145(a)(1) provides that, 'if a person is ordered released by a magistrate judge,' 'the attorney for the Government may file, with the court having original jurisdiction of the offense, a motion for revocation of the order or amendment of the conditions of release.'" *United States v. Terlent*, No. 21-CR-2038, 2021 WL 3080130, at *1 (S.D. Fla. July 21, 2021)

(quoting 18 U.S.C. § 3145(a)(1)) (alteration adopted). District courts review *de novo* "the pretrial detention determinations of the magistrates." *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985). A "*de novo* review requires the court to exercise independent consideration of all facts properly before it and to include written findings of fact and a written statement of the reasons for the detention." *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). The district court need not conduct a *de novo* hearing. *Id*.

B. Revocation of Release

A court make revoke release "if, after a hearing, the court finds 'clear and convincing evidence that the person has violated any ... condition of release' and that 'there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or the person is unlikely to abide by any condition or combination of conditions of release.'" *United States v. Wingo*, 490 F. App'x 189, 190-91 (11th Cir. 2012) (quoting 18 U.S.C. § 3148(b)(1)(B), (b)(2)).

III. DISCUSSION

A. Appeal of Magistrate's Denial of Bond Revocation

The Government argues that Magistrate Judge Sanchez found probable cause to believe Defendant made threats to buy a gun and shoot up her daughter's school "like Nashville" and cut-up and eat a security guard, and that in light of those findings Defendant's bond should be revoked. ECF No. [58] at 8-9. Defendant responds that the Magistrate Judge "was correct in finding conditions existed to assure that the Defendant would not flee or pose a danger to the community." ECF No. [65] at 2.

Judge Sanchez properly applied the standard set forth in 18 U.S.C. § 3148(b) to decide whether the bond should be revoked. *See* ECF No. [59] at 83. Neither party challenges the

application of that standard. The Court finds the standard applicable and employs it to conduct its *de novo* review of Judge Sanchez's decision not to revoke bond.

The Court has thoroughly reviewed the transcript of the Detention Hearing. ECF No. [59]. There is a lack of evidence in the record to support a finding that the Defendant poses a risk of flight. Thus, the issue limited to whether Defendant poses a risk of danger to the community.

At the Detention Hearing, the Government called Hadley Elementary School's English as a Second Language ("ESL") Coordinator and Principal as well as Detective Janelle Ruiz who arrested Defendant to establish probable cause for Defendant's arrest. *See* ECF No. [58-1]. The relevant testimony at the Detention Hearing establishes that the ESL Coordinator at Charles R. Hadley Elementary School spoke to Defendant on the phone on March 30, 2023. *Id*. at 6:23-7:5; 7:22-8:8. The phone call lasted over an hour. *Id*. at 9:9. More than an hour into the conversation, Defendant "said that she was going to buy a weapon and come to the school and shoot up the school." *Id*. at 9:9-12. The ESL Coordinator recalled that Defendant also asked if the coordinator had heard about "the Tennessee shooting that happened earlier that same week and that that's the same thing that was going to happen at our school, that that's the reason that the Tennessee shooting happened, because that is the only way to take care of things, to take care of problems at the school." *Id*. at 9:20-25. According to the same ESL Coordinator, Defendant stated "that she was going to cut up the female security guard into little pieces and eat her." *Id*. at 10:3-6.

The school principal of Charles Hadley Elementary also testified. *Id*. at 27:7-8. The principal recalled walking through campus to ensure that all of the doors that should be locked were locked after the phone call and reporting the incident to the school district. *Id*. at 29:7-9, 31: 8-10. Detective Ruiz of the Miami-Dade School Police testified that she responded to the school right away due to the threat. *Id*. at 45:25-46:1, 52:5. Detective Ruiz recalled taking the Defendant

4

into custody after approaching her vehicle outside of the school at the end of the school day. *Id*. at 48:6-17.

The Government conceded that there is no evidence that the Defendant has ever been prone to any violence and that there is no reason to believe that the Defendant was going to follow up on her threats. ECF No. [59] at 80:3-10.

The Court finds Judge Sanchez's finding that there was probable cause to arrest the Defendant for Aggravated Assault and Educational Institution/Interference/Disrupt to be well reasoned and adopts that finding. *Id.* at 70:10-71:6, 74:20-75:18, 83:4-6; ECF No. [65] at 2. The Court proceeds to consider the challenged finding by Judge Sanchez that "there are conditions that I can put in place that will sufficiently ensure that she will not flee, which I don't think is a danger, or dangerousness to the community, and I am going to require that she stay away from the school." ECF No. [59] at 83:6-10.

Due to the Government's own admission that there is no evidence that Defendant has ever been prone to violence and no reason to believe that Defendant was going to follow through on her threats, the Court finds that revocation of Defendant's bond and immediate surrender are not warranted. The record reflects the following conditions Judge Sanchez imposed: (1) a stay away from the school, (2) the continued conditions of no firearms and no weapons, and (3) GPS location monitoring. *Id*. at 83:4-85:5. Judge Sanchez found those conditions sufficient to ensure the Defendant will not flee and will not pose a danger to the safety of any other person or the community. The Court agrees and adopts that finding.

Accordingly, the Government's appeal of Judge Sanchez's denial of Defendant's bond revocation is denied. The Court proceeds to consider the Government's Motion to Accelerate Defendant's Self Surrender Date.

### B. Motion to Accelerate Self Surrender Date

The Government argues that Defendant's surrender date should be accelerated for three reasons: (1) Defendant's threats constitute a serious danger that involve both firearms and children, (2) Defendant's extremely delayed surrender date is no longer warranted, and (3) earlier surrender is an appropriate consequence for violating the law while awaiting surrender. ECF No. [58] at 7-8. The Court has already decided that revocation of bond is unnecessary because there are other conditions that will ensure the safety of others and the community. The Court therefore is not persuaded by the Governments first and third arguments and considers only the second argument that the delayed surrender date is no longer warranted as the Co-Defendant has been released from custody. Defendant's counsel responds by asking "the court not to accelerate the Defendant's surrender date, at least not until it is established that the Co-Defendant can provide and care for the children." ECF No. [65] at 5.

As a threshold issue, the Court first considers whether it has the authority to accelerate a surrender date. The Government correctly argues that the Eleventh Circuit has "recognized a District Court's apparent ability to modify a surrender date or location after sentencing." ECF No. [58] at 7 (citing *Dawson v. Scott*, 50 F.3d 884, 886 (11th Cir. 1995)). The Government also concedes that some courts in this circuit "have recognized that 18 U.S.C. § 3142(f) displaces a Court's inherent authority to modify bond conditions pre-trial without new evidence." *Id*. (citing *United States v. Pon*, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *10 (M.D. Fla. May 29, 2014)). The Government does not cite to any authority permitting the Court to accelerate a surrender date – except upon the Motion of the Defendant or pursuant to Title 18 U.S.C. § 3145(a)(1) where bond is revoked while a Defendant is awaiting sentence.

On October 1, 2021, this Court entered a Final Judgment against Defendant reflecting that Defendant was adjudicated guilty of Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A)(1). ECF No. [45] at 1. Defendant was sentenced to a term of incarceration of twenty-four months. *Id*. at 2. Defendant's surrender date was set for October 1, 2024, at 12:00 p.m. That surrender date was set to begin after the Defendant's Co-Defendant and ex-husband, with whom she shares two children, was set to have served his 27-month term of incarceration, which began on October 4, 2021. ECF No. [44].

Defendant concedes that her Co-Defendant was released from prison. ECF No. [65] at 5. She asks the Court not to accelerate her surrender date until it can be established that her Co-Defendant can provide and care for the children. *Id*. Because Defendant does not, at this point, consent to the acceleration of her surrender date, and the Government has not provided controlling authority establishing that the Court may accelerate the surrender date under the instant circumstances, its Motion to Accelerate Defendant's Surrender Date must be denied. However, if Defendant seeks to accelerate her surrender date following the family court hearing set for September 2023, she may move the Court to do so.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [58]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record